IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2001

## DAVID A. CROSS v. JAMES M. DUKES, WARDEN

**Direct Appeal from the Criminal Court for Lauderdale County**
**No. 5385      Joseph H. Walker, Judge**

_____

**No. W2000-02197-CCA-R3-CO - Filed February 9, 2001**

_____

Petitioner appeals the summary dismissal of his petition for writ of habeas corpus.  The trial court determined that petitioner did not receive an illegal sentence, and petitioner now appeals this ruling.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

David A. Cross, Henning, Tennessee, *Pro Se*.

Michael E. Moore, Solicitor General; Lucian D. Geise, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was convicted of rape of a child in December 1994.  The offense was committed on April 12, 1994.  His conviction and twenty-five-year sentence were affirmed by this court on direct appeal, and permission to appeal was denied by the Tennessee Supreme Court.  *See* State v. David Arnold Cross, C.C.A. No. 02C01-9505-CC-00133, 1996 WL 125909 (Tenn. Crim. App. filed March 20, 1996, at Jackson), *perm. to app. denied* (Tenn. September 16, 1996).

Petitioner alleges in his petition for writ of habeas corpus that his sentence of twenty-five years "at 100%" is illegal since the 100% provision was not in effect at the time of the offense.  He further alleges the original trial court improperly applied certain enhancement factors in determining his sentence.  These allegations are without merit; therefore, we affirm the judgment of the trial court.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief.  Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ.  While

there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

Tenn. Code Ann. § 39-13-523(b) provides that one convicted of child rape shall serve the entire sentence undiminished by sentence reduction credits. Subparagraph (c) further provides that release eligibility status and parole do not apply to one convicted of child rape. Petitioner contends these provisions do not apply to him since this statute was not in effect at the time of the offense. He, therefore, contends he could only be sentenced as a Range I standard offender with a 30% release eligibility date. Contrary to petitioner's allegations, this statute was enacted in 1992 and became effective July 1, 1992. *See* 1992 Public Acts, Chapter 878, §§ 1, 5. Since this offense was committed in 1994, the statute was properly applied to petitioner. The judgment properly reflects he was sentenced as a "Child Rapist."[1]

Petitioner next alleges the trial court improperly applied certain enhancement factors in determining his sentence. The applicability of enhancement factors was determined on direct appeal. Furthermore, the applicability of enhancement factors is not a proper subject for habeas corpus relief. *See* Donald R. West v. State, C.C.A. No. 03C01-9812-CC-00437, 1999 WL 84049, at *2 (Tenn. Crim. App. filed February 19, 1999, at Knoxville).

The judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE

---

[1] Tenn. Code Ann. § 39-13-523 should not be confused with Tenn. Code Ann. § 40-35-501 (i). The latter statute also provides for no release eligibility for certain offenses. The latter statute applies to offenses committed on or after July 1, 1995.